UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

AUG 0 2 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-663-GWU

RALPH NAPIER,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

### INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB).   The appeal is currently before the Court on cross-motions for summary judgment.

### APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

1

Napier

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

Napier

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In

3

Napier

such cases, the agency may be required to consult a vocational specialist. <u>Damron</u> <u>v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of</u> <u>Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

### DISCUSSION

The administrative law judge (ALJ) found that Napier suffered from lumbar disc disease and pneumoconiosis (Tr. 16). He determined that the plaintiff was restricted to a limited range of light level work and, thus, was unable to perform his past relevant work. (Tr. 17-18). Nevertheless, he concluded that Napier was capable of significant numbers of alternative light and sedentary jobs identified by a vocational expert (VE). (Tr. 19). Thus, the claim for benefits was denied. (Tr. 20).

The vocational profile which had been presented to the VE included: (1) a ten pound lifting restriction, (2) a restriction to simple, repetitive, low stress work, (3) a need for a sit-stand option, (4) a need to work in a well-ventilated environment free of pulmonary irritants, (5) a need to avoid frequent bending, stooping and kneeling, squatting, crouching, climbing, or riding in vibrating vehicles, and (6) moderate limitation of basic mental work activities. (Tr. 168).

4

Napier

The plaintiff contends that he is disabled under the "grid" rules. However, as the defendant points out, even assuming the plaintiff was fully limited to sedentary work, Rule 201.21 would direct a finding of "not disabled."[1]

The plaintiff does not specifically address, nor can the undersigned find any error with regard to, the residual functional capacity assessment factors used. The restrictions were greater than those mentioned by Medical Reviewers Jorge E. Baez-Garcia and David Swan (Tr. 110-115, 135-142). Physicians at the Hazard Clinic did not complete any detailed assessments, but at least one contemplated a "return to work." (Tr. 122). Finally, postural activities contemplated by James Templin (Tr. 109) were incorporated into the hypothetical (Tr. 168).

Thus, the decision will be affirmed.

This the ___2___ day of August, 2006.

*G. Wix Unthank*

G. WIX UNTHANK
SENIOR JUDGE

---

[1]The plaintiff was more than five months shy of his 50th birthday at the time the ALJ entered his opinion. (Tr. 21, 47). The Sixth Circuit Court of Appeals has rejected an argument that a plaintiff should be automatically "advanced" into the next age category. Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 244 (6th Cir. 1987).

5